HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYANT RAOUL ELLIOTT,

    Plaintiff,

  v.

THURSTON COUNTY JAIL,

    Defendant.

CASE NO. 25-5291-BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge Grady Leupold's Order granting pro se plaintiff Elliott's motion to proceed *in forma pauperis*, Dkt. 4, based on his indigency, leaving to this Court evaluation of whether Elliott's proposed complaint, Dkt. 1-1, asserts a plausible claim and should be served.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

ORDER - 1

1       A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it
2  must nevertheless contain factual assertions sufficient to support a facially plausible claim for
3  relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550
4  U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual
5  content that allows the court to draw the reasonable inference that the defendant is liable for the
6  misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds'
7  of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
8  recitation of the elements of a cause of action will not do. Factual allegations must be enough to
9  raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and
10 footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-
11 unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

12      In order to state a plausible claim, a plaintiff must allege facts that allow *the court* to
13 draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556
14 U.S. at 678.

15      Elliott has not articulated sufficient facts stating a plausible claim. It is not enough to
16 simply assert Thurston County Jail violated his 14th amendment rights by holding him in
17 maximum security for "over 6 months." Dkt. 1-1 at 5.

18      Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint
19 to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir.
20 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review,
21 that the complaint could not be saved by any amendment.").

22      Elliott may file an amended complaint within 21 days of this Order, or the case will be
23 dismissed. Any amended complaint should focus on the "who, what, when, where, and why" of a

24

1  factual story. Acres of adjectives, legal citations, and conclusory statements are not required and
2  are not enough to state a viable claim. His amended complaint should plausibly articulate why
3  that conduct is actionable in this Court. His current proposed complaint does not state a plausible
4  claim.

5      IT IS SO ORDERED.

6      Dated this 27th day of August, 2025.

                                        BENJAMIN H. SETTLE
                                        United States District Judge